No. 96.—Duncan McDougald, plaintiff in error, *vs.* A. S. Rutherford, defendant in error.

[1.] If the writ of error and citation are not *filed* within the time prescrib-ed by law, the case will be dismissed.

Trespass, &c. in Muscogee Superior Court. Tried before Judge Iverson. November Term, 1852.

A. S. Rutherford, as the Sheriff of Muscogee County, levied a *fi. fa.* against the administrators of James C. Watson, upon a tract of land in the possession of McDougald, at the time of the levy. McDougald interposed his claim thereto, which is still pending. This action was brought by McDougald against Rutherford, for a trespass in thus levying on this land.

The above facts being in evidence, the Court granted a non-suit. This decision is assigned as error.

. A preliminary motion was made to dismiss the writ of error; first, because no original notice of the signing, &c. of the bill of

McDougald *vs.* Rutherford.

exeptions, was sent up; the Clerk transmitting a certified copy of a notice filed in his office.

Second—Because the bill of exceptions was signed and filed in office 12th November, 1852. The writs of error and citation were served on the 19th November, 1852, and filed in office on 23d December, 1852.

W. DOUGHERTY, for the motion.

DEVON, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] By the 21st rule of this Court, as explained in *Anderson et al. vs. The Darien Bank*, (5 *Geo. Rep.* 582,) the writ of error, with the citation thereto annexed, is required to be filed with the Clerk of the Superior Court, at the time of filing the bill of exceptions and original notice. This was not done in this case. It appears from an inspection of the papers, that the bill of exceptions was signed and filed in the office 12th November, 1852, and the writ of error and citation were served on the 19th of that month, and not *filed* until the 23d of December thereafter. Such is the certificate of the Clerk, endorsed on these proceedings; and we cannot allow it to be controverted. Nor can it be amended, for there is nothing in the record to amend by. Besides, by the Act of 1851-'2, (*Pamphlet Acts*, 214, 215,) it is provided, " that when the original writ of error, original citation and notice, and the original bill of exceptions shall be *filed* and served within the time prescribed by law, no cause pending in the Supreme Court shall be dismissed; but any other error or defect shall be amended *instanter.*" But these processes not having been *filed* within the time prescribed by law, are not embraced in this Statute of Amendments. I repeat, however, that if they were, there is nothing in the record to amend by. To cure the defect, resort must be had to *aliunde* proof. Even then, it is questionable whether this official entry by the Clerk, could be contradicted, either by

his own, or the testimony of other witnesses.   If he has made a false return, he is liable, in damages, to the party injured.

Writ of error dismissed.